Henderson, Judge.
 

 The Defendant’s counsel prayed the Court to instruct the Jury, that if they believed that the Defendant, Rutherford, had a well grounded belief that the person who fired the gun
 
 intended
 
 to commit a felony, it would extenuate the offence, and the Defendant be entitled to a verdict. The Court declined to do so, and instructed the Jury that there must be a felony
 
 committed,
 
 or strong and convincing evidence that a felony had been committed, or the party slaying, summoned by a proper,officer, to extenuate a killing in pursuit. The Judge, if he erred at all, erred in favor of the Defendant, and against the State. A well grounded belief that a known felony is about to be committed, will extenuate a homicide committed in prevention of the act, but not a homicide committed in pursuit, by an individual, of his own accord. To extenuate a homicide committed in pursuit, there must be an actual felony committed; and
 
 *459
 
 it is said, that no evidence, however convincing, even the finding of the grand inquest on oath, will supply the want of an actual felony’s being committed, where an individual, of his own accord, commits a homicide in pursuit 5 because the pursuit by the individual is an officious act, it not being his duty to arrest, unless called on by an officer and from the tenderness of the law towards the life of a citizen, with which, I presume, is intermixed some portion of policy, for it might be a mean of gratifying private revenge, it is to be observed, that some doubts are expressed by Mr. East, where the grand inquest has found that a felony has been committed
 
 ;
 
 but no case is brought forward to support that doubt, and he concludes, that at least, it will be
 
 prima facie
 
 evidence that a felony was committed. But as I said before, a well grounded belief that a known felony was about to be committed, will extenuate a homicide committed in prevention of the supposed crime, and this upon a principle of necessity; but when that necessity ceases, and the supposed felon flies, and thereby abandons his supposed design, a killing in pursuit, however well grounded the belief may be that he had intended to commit a felony, will not extenuate the offence of the pursuer. This extenuation rests upon an actual felony committed, and a
 
 necessity
 
 for the killing to prevent the escape of the felon: the request of the counsel, and the charge of the Judge in answer thereto, have more the appearance of the discussion of an abstract proposition, than the subject matter then under consideration
 
 ;
 
 for I am at a loss to perceive, how, in this case, an idea could be entertained by Rutherford, that the person who fired the gun was about to commit a felony. A savage and fierce dog, at an early hour in the night, before bed-time, attacks a person in his owner’s ^ard, a gun is fired at him, but misses him, the dog continues the attack, no attempt is made to take the dog off, the person who fired retreats towards a near neighbour’s house, is pursued by Rutherford and fired
 
 *460
 
 upon, and struck with shot in a vital part; how it could be supposed that Rutherford entertained a well-grounded belief that the person intended to commit a felony, under ¿¡lcse circumstances, I am at a loss to
 
 say;
 
 and the Judge might have expressed an answer to the Counsel’s request either way, without affecting the merits of the cause; the verdict of the Jury would have been the same.
 

 On the doctrine of reasonable ground to believe a felony was about to be committed, see
 
 East’s Cr. L.
 
 273-4; C
 
 ro. Car.
 
 538;
 
 Sevil’s case,
 
 1
 
 Hale
 
 42,
 
 474; Browne’s case,
 
 1776,
 
 Leach,
 
 151. That there must be a felony actually committed,
 
 East
 
 300, and the authorities there cited.
 

 I think, therefore, that the Defendant has no reason to complain, and that the rule for a new trial be discharged.
 

 Tayxor, Chief-Justice, and Hair, Judge, concurred.