### STATE v. MARCUS JOHNSON.

A son is allowed to fight only in the necessary defence of his father; and to excuse himself, he must plead and show that his father would have been beaten, had he, the son, not interfered.

If a father and his adversary are engaged in a fight on equal terms, the son's interference is not justifiable.

INDICTMENT for an *Assault and Battery*, tried before FURCHES, J., at Spring Term, 1876, of WILKES Superior Court.

The facts necessary to an understanding of the case are stated in the opinion of the Court.

There was a verdict of guilty. Rule for a new trial. Rule discharged. Judgment was pronounced and the defendant appealed.

*Attorney General Hargrove,* for the State.

No counsel in this Court for the defendant.

BYNUM, J. The defendant, Marcus Johnson, is indicted for an assault and battery upon one Absalom Shipwash. The case is this: The defendant is about nineteen years of age. His father, Wyatt Johnson, was engaged in a fight with Absalom Shipwash. Each had a stick the size of an ordinary walking cane, and both being men of about the same size and strength. While the father and Shipwash were so engaged the son, Marcus, picked up a rock, threw at and knocked down the said Shipwash.

The defendant's counsel asked the Court to instruct the jury that the defendant, Marcus, being the son of Wyatt Johnson, who was then engaged in a fight with Shipwash, had the right to fight in defence of his father, and was not guilty upon the evidence. The Court refused to give the instruction asked for, but charged the jury that if they believed the evidence, the defendant, Marcus, was guilty.

The proposition is true that the wife has the right to fight in the necessary defence of the husband, the child in defence of his parent, the servant in defence of his master, and reciprocally; but the act of the assistant must have the same construction in such cases as the act of the assisted party should have had if it had been done by himself; for they are in a mutual relation one to another.

Although the law respects the human passions, yet it does not allow this interference as an indulgence of revenge, but merely to prevent injury. The son, therefore, is allowed to fight only in the necessary *defence* of the father; and to excuse himself he must plead and show that Shipwash could have beat his father, had the son not interfered. 3 Bl. 3 and note; 1 Hale Pl. Cr., 484; Bac. Ab. Master and Servant, P. The evidence in the case was that the father and Shipwash were engaged in a fight upon equal terms, and it not appearing which was the aggressor, the law presumes that they were fighting by mutual consent, and were both guilty.

The son, therefore, had no right to make the assault. There is no error.

This will be certified, &c.

PER CURIAM.                    Judgment affirmed.