STATE v. MAG BULLOCK.

*Assault— Wife may fight for husband—Excessive force, question for jury.*

While a wife has the right to fight in the necessary defence of her husband, yet, if she use excessive force, she is guilty; whether such force was used, and whether she acted freely or under constraint of the husband, were questions properly submitted to the jury upon the evidence in this case.

(*State* v. *Johnson*, 75 N. C., 174; *State* v. *Jones*, 77 N. C., 520, cited and approved.)

INDICTMENT for assault and battery, tried at Fall Term, 1884, of ORANGE Superior Court, before *Philips, J.*

The indictment was found against Henry Bullock and his wife Mag Bullock, and the jury returned a verdict of guilty against the latter, she alone being on trial.

On the trial the state introduced the prosecutor (one Jackson), as a witness, who testified that he rented a tract of land to Henry Bullock, who with his wife lived in a house upon the same. In the upper story of the house, it was agreed, that the tobocco raised by said Henry and the prosecutor should be stored. Henry put his tobacco there, but objected to the prosecutor's being stored there. Thereupon a dispute arose between them, in the course of which the prosecutor slapped Henry in the face and seized him by the collar. While thus engaged, the witness heard the defendant (the wife) say, "shoot him, shoot him," and soon thereafter she struck the prosecutor on the head with a "bed-wrench" made of a piece of hickory wood, twenty inches long and two by four inches thick, with nails driven through the end, the heads of some of them extending beyond the wood. The prosecutor then seized the defendant who thereupon desisted.

The husband had no weapon to shoot the prosecutor, nor did he attempt to use any weapon. There was no evidence that any injury was done to the prosecutor.

The defendant asked the court to charge the jury, that being the wife of Henry Bullock, and seeing him stricken by the prosecutor, she had the right to strike in defence of her husband and was therefore not guilty. This instruction was given, and the court added "that if she used any excessive force she is guilty, and whether she did use excessive force, was a matter for the jury to determine from the evidence ;" and to this the defendant excepted.

"The court further charged the jury that, it being shown the defendant assaulted the prosecutor in the presence of her husband, it was presumed in the absence of evidence to the contrary, that she did it under his constraint; and in such case she would not be guilty ; but this presumption could be rebutted by showing that in fact the defendant aided freely and without constraint, and that there was some evidence upon this point to be considered by them." Defendant excepted.

Verdict of guilty, judgment, appeal by the defendant.

*Attorney-General,* for the State.
*Messrs. Graham & Ruffin,* for defendant.

MERRIMON, J. The wife did not so manifestly fight in the defence of her husband, as to make it the duty of the court to instruct the jury that she was not guilty. The conflict between the husband and the prosecutor was not a fierce or deadly one, nor were they struggling or fighting on unequal terms. Nevertheless the wife cried out to her husband "shoot him, shoot him," meaning the prosecutor, and at once she seized a heavy instrument, with which she might have killed the prosecutor, and struck him with it.

It does not appear that her interference was necessary at all, but making all due allowance for her wifely zeal, and her possible apprehensions as to her husband's safety, it seems to us that the court might well leave it to the jury to say whether or not she used more force than was necessary.

She had no right to fight to gratify her feelings of indignation or spiteful revenge; she could only fight in the necessary defense of her husband, and be excused. *State* v. *Johnson*, 75 N. C., 174. The jury might not weigh the force employed by her, as against her in this action, in "gold scales," but there was some evidence to go to and be weighed by them as to the necessity for her interference, and the excess of force used.

It does not seem to us, that, under the circumstances developed, any question was properly raised as to the constraint of the wife on the part of the husband, but in any view of the matter, the court's charge was not erroneous. Her fierce language, the character of the weapon she used, the conflict between her husband and the prosecutor, was evidence tending to rebut any presumption of constraint upon her imposed by her husband. It is true, that she desisted as soon as the prosecutor seized her, and this was a circumstance in her favor.

The case was fairly put to the jury by the court, and the responsibility was with them. *State* v. *Jones*, 77, N. C., 520.

There is no error, and the judgment must be affirmed. To that end let this opinion be certified according to law.

No error.                                         Affirmed.