STATE *v.* COOPER.

the officers saw the vehicle being driven by Spillars with the appellant beside him. The two record players were on the back floor board. The officers testified appellant stated at the time he had no knowledge the players were in the vehicle. Each of the defendants demurred to the evidence and excepted to the refusal of the court to grant the motion. From a verdict of guilty of breaking and entering, and larceny, and a three-years prison sentence, Hopson excepted and appealed.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*
*Riddle & Briggs by Bruce Briggs for defendant appellant.*

---

STATE v. JOHNNIE COOPER.

(Filed 2 March, 1966.)

**Assault and Battery §§ 8, 9—**

Evidence tending to show that the victim, standing in the road some 200 feet away, threatened to kill the resident of a house, who was standing on his porch, if he came down there, that the resident did not go but that defendant and a companion walked to where the victim was standing, grabbed him, and cut him with a knife, *held* not to present the question of self-defense or defense of another.

MOORE, J., not sitting.

APPEAL by defendant from *Campbell, J.,* November 1965 Session of RUTHERFORD.

Defendant was indicted for felonious assault (G.S. 14-32) on one Walter Griffin on May 15, 1965. The solicitor announced that "(t)he State will place the defendant on trial for Assault with a Deadly Weapon, a misdemeanor." The record shows "(t)he defendant, without the assistance of counsel, having waived same, entered pleas of 'Self-defense' and not guilty." The jury returned a verdict of "Guilty of an assault with a deadly weapon." Judgment imposing a prison sentence, with recommendation that defendant be placed on work release, was pronounced. Defendant excepted and appealed.

*Attorney General Bruton and Assistant Attorney General Goodwyn for the State.*
*J. A. Benoy for defendant appellant.*

Per Curiam. There was plenary evidence that defendant cut Walter Griffin's right arm to such extent "(i)t took 27 stitches to sew (his) arm up."

Defendant, while admitting he cut Griffin, insists the court erred in failing to instruct the jury and apply the law with reference to his right of self-defense and his right *(S. v. Hornbuckle,* 265 N.C. 312, 144 S.E. 2d 12) to defend a third person from a felonious assault.

Evidence offered by defendant tended to show: When defendant and George Spicer, in Spicer's car, brought John Henry Buff home, Griffin was in Buff's yard, "tearing up the yard with his car." When Buff told Griffin "to get away from there," Griffin left and went "towards his home." Shortly thereafter, Griffin came back. He had a shotgun. Buff was standing on his porch. Griffin, in the road "about 200 feet away" and "cussing," told Buff: "If you come down here I'll kill you." Buff testified: "(S)o I wouldn't go down there."

Defendant and Spicer left Buff and went down towards Griffin. What occurred thereafter is described by defendant as follows: "I had a few drinks in me and I felt pretty brave, and I just went on down there . . . Well, me and George was right side by side, and we walked down there. George grabbed him and just as George grabbed him—We both grabbed him about the same time and I cut him. I cut him down across his arm. I just cut him one time. I had just a regular old straight-blade knife. . . . I carry a knife all the time." On cross-examination, defendant testified: "After the boy was cut, I was in the attic when the Sheriff came down, I was trying to get away." (Note: Griffin testified his unloaded shotgun was in his car and that defendant cut him without provocation of any kind.)

There is no evidence Griffin pointed the shotgun at Buff, defendant or Spicer. There is no evidence the shotgun was loaded. All the evidence is to the effect the shotgun was not fired.

There was no evidence defendant believed it was necessary to cut Griffin to prevent an assault on Buff or on himself or on Spicer and had reasonable grounds for such belief. Indeed, defendant did not testify he entertained and acted upon such belief. The facts in evidence did not call for instructions in legal principles relating to self-defense or to the right of a private citizen to defend a third person from a felonious assault.

While defendant's other assignments of error have been considered, none discloses error of such prejudicial nature as to justify a new trial.

It is noteworthy that defendant, while not represented by counsel at his trial in the superior court, was ably represented by counsel in connection with his appeal to this Court.

No error.

MOORE, J., not sitting.