STATE v. DELORES FIELDS.

(Filed 9 November, 1966.)

**1. Assault and Battery § 15—**

Where defendant contends that she did not assault the prosecuting witness in any way and that all she did was try to stop a fight between the prosecuting witness and a third person, the evidence does not require the court to instruct the jury on defendant's right to fight in self-defense or in defense of another.

**2. Assault and Battery § 9—**

A private citizen does not have the right to interfere in a fight between third persons unless he has a well-grounded belief that a felonious assault is about to be committed on one of them.

APPEAL by defendant from *Mallard, J.,* June 1966 Criminal Session of WAKE.

Criminal prosecution upon a warrant that charges defendant on 23 March 1966, at and in the city of Raleigh, did wilfully, maliciously, and unlawfully assault Diane Marie Evans with a deadly weapon, to wit, a razor blade. This action was first tried in the city court of Raleigh. In that court defendant was adjudged guilty and sentenced to imprisonment. From the judgment, defendant appealed to the Superior Court where she was tried *de novo.*

Plea in the Superior Court: Not guilty. Verdict: Guilty as charged.

From a judgment of imprisonment, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General George A. Goodwyn for the State.*

*William W. Merriman, III, for defendant appellant.*

STATE *v.* FIELDS.

PER CURIAM. On 23 March 1966 Diane Marie Evans saw defendant, Carolyn Taylor (who is called "Nellie"), and another girl at the Wake County jail where Diane was visiting a friend. She and Nellie got into an argument at the Wake County jail.

This is a summary of the testimony of Diane Marie Evans, except when quoted: Diane left the Wake County jail and went to her home. She was sitting on the front porch when she saw the defendant, Nellie, defendant's sister Lenora Fields, and Eriel Marie Porter coming up the street. When she saw the defendant and the three other girls coming up the street, she got off her porch and went into the house. Defendant called her out of the house and said to her, "Nellie was going to beat me up or she was going to beat Nellie." Defendant gave Nellie a razor blade and then went up on a hill on the other side of the street. Eriel was chasing her with a razor blade and had already cut her once when she picked up a brick and hit Eriel with it, and "the lick made blood." She was sitting on Eriel and defendant pushed her off Eriel and cut her with a razor blade she had between her fingers. She was not armed with anything when defendant cut her with a razor blade.

This is a summary, except when quoted, of the evidence of Dorothy Thompson, a witness for the State: She heard someone in front of Diane's house calling Diane. Diane went out in front of the house and defendant told her that "Nellie was going to fight her or beat her and if she didn't, she was going to beat Nellie." Diane was talking to Nellie, and Nellie had a razor blade waving it in Diane's face and Diane grabbed her arm. When Diane grabbed Nellie's arm, defendant and Eriel gathered around Diane, and that is when the fighting started. Every time Diane would grab Eriel, defendant would run and pull her off, and she could see Diane was bleeding on her arm. She went into the house and called the police. She is 17 years old, and Diane is 16.

This is a summary, except when quoted, of the testimony of Neil Sanders, a witness for the State: Defendant called Diane out of her house and told her, "Nellie is going to beat you and if Nellie doesn't beat you, we are going to beat you." He saw defendant with a razor blade. Eriel had a razor blade. Diane was sitting on Eriel and defendant came over, pushed Diane off Eriel, and struck her on the arm with a razor blade. Diane had not hit defendant.

Defendant presented the testimony of three witnesses. Her first witness was Carolyn Taylor, who testified in substance, except when quoted: She and Diane had an argument at the Wake County jail. After arguing with Diane, she and the three other girls left and headed for her home. They had to walk by Diane's house. When they passed Diane's house, Diane was sitting on the porch. She saw

Diane go into the house. At that time defendant did not have a razor blade. Defendant did not lay a hand on Diane the whole time they were in front of Diane's house. Defendant tried to stop Diane and Eriel from fighting. Defendant did not cut or hit anybody. She (Nellie) cut Diane on her arm with a razor blade. Defendant did not have a thing to do with the cutting. It was her fight. Defendant did not tell Diane "Nellie is going to whip you, or I am going to whip Nellie." She, Eriel, and defendant's sister were tried and convicted of assault in this case.

Lenora Fields, another witness for defendant, testified in substance: She is defendant's sister. She, defendant, Nellie, and Eriel walked down the street that goes by Diane's house. Nellie called Diane out, and Nellie and Diane had an argument. Defendant did not have a razor blade and did not cut anyone. She (Lenora Fields) was convicted of assault with a deadly weapon in this same case.

This is a summary of the testimony of Eriel Marie Porter, another witness for defendant: On 23 March 1966 she, defendant, Carolyn (Nellie) Taylor, and Lenora Fields walked by Diane's house. Defendant did not have a razor blade or any other weapon. She did not give anybody a razor blade. Defendant did not cut or hit anybody. After Nellie Taylor called Diane out of her home, defendant said she was not going to have anything to do with it and went over and stood on a little bank. She was fighting with Diane. Defendant did not push her off. She pushed Diane off herself. She has been convicted of assault with a deadly weapon in this case. She was fighting with Diane, and Diane hit her on the head with a brick and cut her on the arm with a razor blade. The whole thing started when Diane slapped Nellie.

Defendant's only assignment of error is as follows: "The court below erred in failing to apply the law to the evidence as required by North Carolina G.S. 1-180, in that it did not charge the jury with reference to the law of self-defense as advanced by the defendant."

Defendant was not a witness in the case. Defendant's evidence is to the effect that she did not cut Diane with a razor blade or assault her in any way, and that all that she did was to try to stop Diane and Eriel from fighting. There is no evidence in the record before us that defendant believed it was necessary for her to cut Diane to prevent an assault on herself or to prevent a felonious assault on Eriel, and had reasonable grounds for such belief. The facts in evidence did not call for instructions in legal principles relating to self-defense or to the right of a private citizen to defend a third person from a felonious assault. *S. v. Cooper,* 266 N.C. 644, 146 S.E. 2d 663.

This principle of law seems to be well settled in this State that

unless a defendant has a well-grounded belief that a felonious assault is about to be committed on a third person, defendant does not have the right nor the duty as a private citizen to interfere in order to prevent the supposed crime. *S. v. Robinson,* 213 N.C. 273, 195 S.E. 924.

The court instructed the jury that they could return one of three verdicts: Guilty of assault with a deadly weapon; guilty of a simple assault; or not guilty.

In the trial below we find

No error.