STATE OF NORTH CAROLINA v. CLYBURN LEROY MOSES

No. 7220SC808

(Filed 20 December 1972)

**Assault and Battery § 9— defense of third person — insufficiency of evidence to support charge**

Evidence tending to show that the victim of an assault was in defendant's place of business, that the victim and his wife began arguing and wrestling and that defendant then shot the victim in the leg did not present the question of defense of a third person and the trial court properly failed to instruct on that doctrine.

APPEAL by defendant from *Falls, Judge,* 31 July 1972 Session of STANLY County Superior Court.

Defendant was tried on a proper indictment charging that on 28 March 1971, he did assault Eugene Lee with a deadly weapon with intent to kill, inflicting serious injury not resulting in death, in violation of G.S. 14-32(a). At the close of the State's evidence defendant's motion for nonsuit to the intent to kill assault was granted, and the case was submitted to the jury under G.S. 14-32(b), assault with a deadly weapon, inflicting serious injury not resulting in death.

All the evidence tended to show that defendant was the proprietor of South Street Grill in Albemarle. On 28 March 1971 Eugene Lee was in the grill talking to a girl named Poochie. Shortly thereafter Lee's wife, Dorothy, entered the grill, saw Lee and Poochie, and began arguing with Lee. When Dorothy tried to hit Lee, he grabbed her arms, and they wrestled, Dorothy was pushed against a freezer and Lee admitted that he probably was cursing her.

A shot was fired, and Lee was wounded in the right leg, 8 to 12 inches above the knee. Lee saw defendant holding a small pistol.

Approximately one month prior to this occasion Lee and two others had been making noise in the grill and were told by the defendant to leave. Lee testified that defendant on this occasion said he had told Lee to stop the argument and leave the grill; that defendant was tired of Lee coming into his grill and "trying to take over."

The defendant offered no evidence.

*Attorney General Robert Morgan by Assistant Attorney General Thomas E. Kane for the State.*

*Coble, Morton & Grigg by Ernest H. Morton, Jr., for defendant appellant.*

CAMPBELL, Judge.

Defendant contends the trial court committed prejudicial error in failing to instruct the jury that at the time the shot was fired defendant was acting in defense of Dorothy Lee, and that therefore the assault was excused. There is no merit in this contention.

Persons in a family relation, and persons in the relation of master and servant, have the reciprocal right to come to the aid and defense of the person in that relation when faced with an assault. The law does not allow this interference as an indulgence of revenge, but merely to prevent injury. The assistant's act may not be in excess of that which the law would allow the assisted party, for they are in a mutual relation one to another. *State v. Johnson,* 75 N.C. 174 (1876) ; *State v. Gaddy,* 166 N.C. 341, 81 S.E. 608 (1914).

Where a felonious assault is about to be committed, strangers may invoke the doctrine of self-defense of others under certain circumstances. *State v. Rutherford,* 8 N.C. 457 (1821) ; *State v. Robinson,* 213 N.C. 273, 195 S.E. 824 (1938) ; *State v. Fields,* 268 N.C. 456, 150 S.E. 2d 852 (1966).

In an assault case the defendant has no burden to prove self-defense. Thus, assault cases differ from the rule in homicide cases. *State v. Cephus,* 239 N.C. 521, 80 S.E. 2d 147 (1954).

In any event there must be some evidence pertaining to the doctrine before the Court is required to charge about it. Where there is no evidence from which the jury could find that the defendant reasonably believed a third person was in immediate peril of death or serious bodily harm at the hands of another, it would be improper for the Court to instruct on defendant's defense of a third person as justification for the assault. *State v. Cooper,* 266 N.C. 644, 146 S.E. 2d 663 (1966).

In the instant case there is no evidence that Lee was committing a felonious assault on his wife, Dorothy, or that the defendant had reasonable grounds to believe that he was. There was no evidence of a special relationship between defendant and

Dorothy Lee; and there being no felonious assault, there was no occasion for the application of the doctrine of self-defense of a third person.

No error.

Judges BROCK and GRAHAM concur.