STATE OF NORTH CAROLINA v. JOE DEAN GILLILAND

No. 8325SC639

(Filed 7 February 1984)

1. **Assault and Battery § 14.5— assault with a deadly weapon inflicting serious injury—sufficiency of evidence**

The evidence was sufficient in a prosecution for assault with a deadly weapon inflicting serious injury to withstand defendant's motion to dismiss where the evidence tended to show that after defendant struck the victim's wife or girlfriend, the victim and defendant started scuffling and the victim felt defendant sticking him with a knife; after the fight was over, the victim had four cuts on his body; the victim was carried to the hospital by ambulance and was treated in the emergency room; and where 46 stitches were put in his body as the result of his wounds.

2. **Assault and Battery § 15.6— instructions—victim's right of self-defense**

There was no error in the trial court's denial of defendant's motion for appropriate relief after his conviction of assault with a deadly weapon inflicting serious injury where the record indicated the court charged the jury as to the victim's right of self-defense when his wife was assaulted; and where after the verdict had been entered, the victim's "wife" testified that she had gone to a marriage ceremony with the victim but she was not divorced from her first husband at the time.

APPEAL by defendant from *Sitton, Judge*. Judgment entered 27 January 1983 in Superior Court, BURKE County. Heard in the Court of Appeals 13 January 1984.

The defendant was tried for assault with a deadly weapon inflicting serious injury. The evidence for the State showed that defendant engaged in a fight with Ronnie Mull after the defendant had struck Ronnie Mull's wife or girl friend, Wanda Mull. Ronnie Mull testified that as they were "scuffling . . . I felt him sticking me with a knife. It was just like you was stung by a bee." After the fight was over, Ronnie Mull had four cuts on his body. He was carried to the hospital by ambulance and was treated in the emergency room. Forty-six stitches were put in his body as a result of his wounds. No one testified he or she saw a knife or other weapon.

The defendant was convicted as charged. He received the presumptive sentence of three years and appealed.

State v. Gilliland

*Attorney General Edmisten, by Special Deputy Attorney General Daniel C. Oakley, for the State.*

*McMurray and McMurray, by John H. McMurray and Martha McMurray, for defendant appellant.*

WEBB, Judge.

[1] The defendant assigns error to the denial of his motion to dismiss the charge of assault with a deadly weapon inflicting serious injury. He contends it should have been dismissed because there was no evidence that the defendant used a deadly weapon. No witness testified that he saw a weapon. We believe, however, there was sufficient circumstantial evidence that the defendant used a deadly weapon for the jury to so find. The State introduced evidence that the victim was severely cut. We believe the jury could infer from this that the defendant used a knife which could be found to be a deadly weapon. *See* 6 Strong's N.C. Index 3d, *Evidence* § 21 (1978) for a definition of circumstantial evidence.

We do not believe *State v. Randolph*, 228 N.C. 228, 45 S.E. 2d 132 (1947); *State v. Watkins*, 200 N.C. 692, 158 S.E. 393 (1931); and *State v. Smith*, 187 N.C. 469, 121 S.E. 737 (1924), relied on by the defendant, are helpful to him. *Randolph* held that the weapon need not be offered in evidence. *Watkins* deals with the charge of the court as to how the jury determines whether a weapon is a deadly weapon. It does not deal with the question in this case, which is, whether the evidence is sufficient to be submitted to the jury. *Smith* deals with the question of whether a baseball bat used to kill a person is a deadly weapon as a matter of law.

The defendant's first assignment of error is overruled.

[2] In his second assignment of error the defendant argues that his motion for appropriate relief should have been granted. The court charged the jury as to Ronnie Mull's right of self-defense when his wife was assaulted. After the verdict had been entered, Wanda Mull testified that she had gone through a marriage ceremony with Ronnie Mull but she was not divorced from her first husband at the time. The defendant argues that he did not receive as favorable a charge as he should have received on the right of Ronnie Mull to go to the aid of Wanda Mull. The judge

charged the jury that Ronnie Mull was entitled "to stand his ground on behalf of his wife and to use such force as his wife would have been allowed to use." The defendant, relying on *State v. Fields*, 268 N.C. 456, 150 S.E. 2d 852 (1966), argues that if the case had been tried according to the correct facts as to the relationship between Ronnie and Wanda Mull the court would not have charged that Ronnie had a right to act in self-defense of Wanda unless he reasonably believed she was being feloniously assaulted. Assuming the defendant is right as to the difference in the right of self-defense in the protection of others, we do not believe there was error in the charge in this case. Wanda Mull might not have been married to Ronnie Mull but she was not a stranger to him. He was on his own premises and saw one he loved assaulted. We believe he was justified in going to her defense.

No error.

Judges WELLS and WHICHARD concur.