STATE OF NORTH CAROLINA v. JACQUELINE RUTH HUNTER

No. 843SC204

(Filed 4 December 1984)

1. **Assault and Battery § 16.1— assault with deadly weapon—submission of lesser offense not required**

   In a prosecution for assault with a deadly weapon, the evidence was not conflicting as to the deadly character of the weapon so as to require the trial court to submit simple assault as a possible verdict where it showed that defendant was the aggressor and that she stabbed the victim with a three-inch lock-blade knife.

2. **Assault and Battery § 15.7— assault with a deadly weapon—instruction on self-defense not required**

   In a prosecution for assault with a deadly weapon by stabbing the victim with a knife, evidence tending to show that the victim had earlier assaulted defendant did not require the trial court to instruct the jury on self-defense where the evidence was uncontradicted that defendant left the victim's presence for some time after being assaulted and then went to his table holding a knife, and where there was no evidence that defendant had a reasonable apprehension as to personal safety which would require self-protection by stabbing the victim.

3. **Criminal Law § 142.4— restitution of medical expenses—condition of probation —findings as to ability to pay**

   The trial court erred in ordering defendant to pay restitution for the medical expenses of a felonious assault victim as a condition of probation without making findings as to defendant's ability to earn, her resources, her obligation to support dependents or any other matters which might affect her ability to make restitution. G.S. 15A-1343(d).

4. **Criminal Law § 142.3— restitution for public defender services—condition of probation**

   The trial court properly ordered an indigent defendant to pay restitution to the State for the services of a public defender as a condition of probation without making an inquiry into defendant's ability to pay. G.S. 7A-455; G.S. 15A-1343(a)(10).

Judge WEBB dissenting.

APPEAL by defendant from *Allsbrook, Judge*. Judgment entered 28 July 1983 in Superior Court, PITT County. Heard in the Court of Appeals 19 October 1984.

Defendant was indicted for assault with a deadly weapon with intent to kill, but was tried on a charge of assault with a deadly weapon. The assault took place on 11 March 1983 at a disco club called "The Cave" in Pitt County. The victim, Sam Ward, was a bartender employed at the club but was not working on the night in question. Ward was dating Lorretta Cameron and they were together at a table near the rear of the club. Defendant is a former girl friend of Ward's and they had one child resulting from the prior relationship.

Ward had spoken with defendant earlier in the evening at the club and did not see her again until approximately 9:30 p.m. Ward testified that he was sitting at the table with Ms. Cameron when "he felt somebody hitting [him] in [his] side." Ward looked around and saw defendant "swinging her arm." Defendant and Ward tussled and he pushed her to the floor. Ward then noticed a wound in his thigh and a three-inch lock-blade knife being held by defendant. Ward then slapped defendant and bystanders moved in to separate them.

Defendant testified as to assaults that had occurred before the evening in question. Defendant also testified about the events that led to the crime with which she was charged:

[Ward] saw me talking to Nicky and called me over there to him. I wouldn't go because I knew what he was going to do. And he came up there to me and hit me beside of the head with his fist . . . Then I told him I was going to get him because I was tired of him hitting on me . . . Aaron asked me to dance. And when I came back and sat down I started talking and chatting with Nicky. I came to [Ward]—because he hollered clear over there—and I went over there to him, and then he started punching me in my stomach. And I said, . . . I am going to get you because I am tired of this . . . I was tired of [Ward] beating on me. I went to see some dude I had met that night. I asked him did he have a pocketknife. I said I had to cut something off my shirt. I went to [Ward] and [he] was looking at me when I went to him. And then as soon

as I got to him [Ward] saw the knife and then that is when he punched me in my face. I fell.

She then stabbed Ward. When asked why she cut Ward with the knife, defendant replied "I was tired of him beating on me."

The evidence offered at trial also tended to show that at the time of the offense, defendant was sixteen years old with an eighteen-month old child. She was a tenth grade student at Ayden-Grifton High School. From a verdict of guilty and judgment imposing a suspended sentence of six months imprisonment, she appeals.

*Attorney General Edmisten by Associate Attorney Michael Smith for the State.*

*Arthur M. McGlauflin for the defendant-appellant.*

EAGLES, Judge.

[1]  Defendant has assigned error to several portions of the trial court's instructions to the jury. She argues that the trial court erred by failing to submit "guilty of simple assault" to the jury as a possible verdict. The basis of defendant's argument is the assertion that the jury should have been permitted to find that the essential element of the deadly character of the weapon was absent in this case. There was sufficient evidence at trial from which the jury could find that the three-inch lock-blade knife used by the defendant was a deadly weapon. The trial judge properly instructed the jury on the manner of determining whether the pocketknife used by the defendant was a deadly weapon. *State v. Randolph*, 228 N.C. 228, 45 S.E. 2d 132 (1947). Moreover, the State by showing that the defendant was the aggressor and that she stabbed Ward with a three-inch blade, complied with the mandate of *State v. Hall*, 305 N.C. 77, 84, 286 S.E. 2d 552, 556 (1982). There the court said: "When the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element, no instruction on a lesser included offense is required." Therefore, we reject the defendant's argument that she was prejudiced by the court's failure to instruct on the issue of simple assault.

[2]  The defendant next argues that the trial judge erred in failing to instruct the jury on the law pertaining to self-defense. The

evidence is uncontradicted that the defendant left Ward's presence for some time and then went to his table holding a knife. While Ward's earlier behavior towards the defendant could be described as assaultive, there is absolutely no evidence that the defendant had a reasonable apprehension as to personal safety which would require self-protection by stabbing Ward. In fact, defendant was able to walk away, "see some dude" and get a knife. She then went to see Ward, apparently with retribution in mind. *State v. Moses*, 17 N.C. App. 115, 193 S.E. 2d 288 (1972). The defendant maintains that we should not consider the stabbing as being isolated from the earlier confrontations between Ward and the defendant and that her action of approaching Ward with an open knife was simply an attempt to dissuade him from future assaults. Since there was no evidence to show that Ward had done anything to warrant the defendant's use of a deadly weapon in self-defense, we find this assignment without merit.

[3]  Finally, defendant argues that the trial court erred in awarding restitution for medical expenses and attorney's fees as a condition of probation without making proper findings of fact and conclusions of law.

G.S. 15A-1343(d) requires the trial court to take into consideration the resources of the defendant, her ability to earn and her obligation to support dependents as well as any other matters that pertain to her ability to make restitution or reparation prior to ordering restitution or reparation as a special condition of probation.

The trial court ordered defendant to pay a total of $919.25 for the medical expenses of the victim Ward. The trial court made no findings of fact or conclusions of law as to defendant's ability to earn, her resources, her obligation to support dependents or any other matters that might affect her ability to make restitution. By the clear terms of G.S. 15A-1343(d) this was error.

[4]  The trial court also ordered defendant to pay $200.00 attorney's fees under the supervision and direction of her probation officer. Both the State and defendant argue that G.S. 7A-455 controls the awarding of attorney's fees in this case. G.S. 7A-455 states, in pertinent part:

(a) If, in the opinion of the Court, an indigent person is financially able to pay *a portion, but not all,* of the value of the legal services rendered for him by . . . the public defender . . . [the Court] shall order the partially indigent person to pay such portion to the Clerk of Superior Court for transmission to the State treasury. [Emphasis added.]

Here, the trial court made it clear in the record that the fee awarded to counsel was $200.00. This was the *total* fee which was ordered to be paid in restitution to the State for the services provided by the Assistant Public Defender, Robert L. Shoffner. G.S. 7A-455 by its terms applies only when an indigent person is determined by the court to be able to pay some but not all of the value of legal services rendered by a public defender. Here, it appears that the *entire* amount was ordered paid as a part of the costs as a condition of probation.

The award of attorney's fees was restitution to the State of North Carolina for the costs of a public defender pursuant to G.S. 15A-1343(a)(10). As such, the attorney's fees were part of the regular conditions of probation and did not require inquiry into defendant's ability to pay. We find no error in the ordering of payment of attorney's fees as restitution to the State of North Carolina as a condition of probation. Defendant's remaining assignments of error are without merit.

We reverse and remand for rehearing concerning the award of restitution for medical expenses against the defendant.

Judge BRASWELL concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. I believe that the testimony of the defendant that Sam Ward hit her immediately before she stabbed him required the Court to submit self-defense to the jury. See *State v. Deck,* 285 N.C. 209, 203 S.E. 2d 830 (1974). I vote for a new trial.