STATE v. SESSOMS

[226 N.C. App. 381 (2013)]

STATE OF NORTH CAROLINA
v.
BOBBY LEE SESSOMS, Defendant

No. COA12-1232

Filed 2 April 2013

**1. Criminal Law—assault—court's reference to "victim"**

There was no plain error in an assault prosecution where the trial court referred to the person who was assaulted (Mr. Griffin) as the victim. Although defendant raised the issue of self-defense, the evidence showed that defendant came to Mr. Griffin's house, got out of his van, and cut Mr. Griffin with a machete while Mr. Griffin had no weapon of his own.

**2. Evidence—police officer's testimony—credibility of victim**

There was no plain error in an assault prosecution where a police officer testified that the testimony of a specific prosecution witness was unbiased and would be valuable. Even assuming *arguendo* that the trial court erred, such error did not rise to the level of plain error in light of the State's other evidence.

**3. Criminal Law—defense of others—instruction not given**

There was no plain error in an assault prosecution where the trial court did not instruct the jury on defense of others. Defendant's lone statement that he was defending himself, his vehicle, and his wife was not evidence from which the jury could find that the defendant reasonably believed a third person was in immediate peril of death or serious bodily harm at the hands of another.

**4. Evidence—description of defendant—not evidence of bad character**

The trial court did not allow improper character evidence in an assault prosecution where the victim's brother described defendant as a man riding around with a machete. The statement was not "character evidence" pursuant to N.C.G.S. § 8C-1, Rule 404(b), but rather a description of what the witness saw and his reason for calling for help. Wielding a machete is not a character trait.

Appeal by defendant from judgment entered on or about 21 September 2011 by Judge Claire V. Hill in Superior Court, Bladen County. Heard in the Court of Appeals 28 February 2013.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Jane L. Oliver, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender John F. Carella, for defendant-appellant.*

STROUD, Judge.

Defendant appeals from a judgment entered upon his conviction of assault with a deadly weapon inflicting serious injury. For the following reasons, we find no error.

## I. Background

The State's evidence tended to show that on 8 August 2009, John Marcus Griffin, Jr. returned to his home to find defendant in his driveway in a van. Mr. Griffin asked defendant to leave, but defendant refused. Defendant got out of the van and cut Mr. Griffin in the shoulder with a machete. A jury found defendant guilty of assault with a deadly weapon inflicting serious injury. Defendant was sentenced to 42 to 60 months imprisonment. Defendant appeals.

## II. Plain Error

Defendant contends that the trial court committed plain error as to three issues.

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.

*State v. Lawrence,* ___ N.C. ___, ___, 723 S.E.2d 326, 334 (2012) (citations, quotation marks, and brackets omitted).

A.   Improper Opinion Expressed by the Trial Court

**[1]** Defendant first contends that "the trial court committed plain error and expressed an improper opinion by repeatedly referring to Jon 'Doc' Griffin as 'the victim,' when the question of whether . . . [defendant] acted

in self[-]defense was at issue." (Original in all caps.) Our Supreme Court has previously determined that referring to the prosecuting witness as "the victim" is not plain error. *See State v. McCarroll*, 336 N.C. 559, 566, 445 S.E.2d 18, 22 (1994) ("We cannot hold that the reference to the prosecuting witness as the victim was an error so basic and lacking in its elements that justice could not have been done."). In this case, defendant raised the issue of self-defense and thereby challenged whether Mr. Griffin was actually a victim, but we still do not believe the use of the term "victim" rose to the level of plain error in light of the evidence which showed defendant came to Mr. Griffin's house, got out of his van, and cut Mr. Griffin with a machete while Mr. Griffin had no weapon of his own. *See Lawrence* at ___, 723 S.E.2d at 334. This argument is overruled.

B.   Improper Opinion Expressed by a Police Officer

**[2]** Defendant next contends that "the trial court committed plain error by allowing a police officer to give impermissible opinion testimony by stating that a specific prosecution witness' testimony was unbiased and 'would be most valuable' here today.'" (Original in all caps.) Although defendant's argument is unclear, he seems to suggest that the police officer was testifying as an expert witness. Here, the police officer testifying was not an expert witness, but even assuming *arguendo* that the trial court erred in allowing "a police officer to give impermissible opinion testimony" as to the credibility of another witness, such error does not rise to the level of plain error in light of the State's other evidence demonstrating that defendant came to Mr. Griffin's home, got out of his van, and cut Mr. Griffin with a machete. *See Lawrence* at ___, 723 S.E.2d at 334; *see also State v. Lawson*, 159 N.C. App. 534, 542, 583 S.E.2d 354, 360 (2003) ("Defendant also cites *State v. Holloway*, 82 N.C. App. 586, 347 S.E.2d 72 (1986), which is also distinguishable from the case before us. In *Holloway*, expert witnesses testified that a State's witness was telling the truth. This Court held that such testimony constituted plain error as it invaded the province of the jury to determine the credibility of witnesses. In the present case, *Officer Wilson's testimony was not that of an expert as to credibility*; further, he was not invading the province of the jury as he was not commenting on the credibility of a witness. As noted above, Officer Wilson was testifying to the circumstances of the traffic stop and the reason for defendant's detention. The above testimony by Officer Wilson does not rise to the level of plain error. This argument is overruled." (emphasis added) (citations omitted)). This argument is overruled.

C.   Jury Instruction on Defense of Others

**[3]**  Defendant also argues that "the trial court committed plain error by failing to instruct the jury on defense of others[,]" an instruction defendant did not request. (Original in all caps.)

> Persons in a family relation, and persons in the relation of master and servant, have the reciprocal right to come to the aid and defense of the person in that relation when faced with an assault. The law does not allow this interference as an indulgence of revenge, but merely to prevent injury. The assistant's act may not be in excess of that which the law would allow the assisted party, for they are in a mutual relation one to another.
>
>   . . . .
>
> In any event there must be some evidence pertaining to the doctrine before the Court is required to charge about it. Where there is no evidence from which the jury could find that the defendant reasonably believed a third person was in immediate peril of death or serious bodily harm at the hands of another, it would be improper for the Court to instruct on defendant's defense of a third person as justification for the assault.

*State v. Moses*, 17 N.C. App. 115, 116, 193 S.E.2d 288, 289 (1972) (citations omitted).

Here, the sole evidence defendant directs this Court's attention to as evidence to support an instruction for defense of others is defendant's testimony that " 'I took the machete and done like that to defend myself and my vehicle and my wife,'" after explaining that Mr. Griffin "attacked him and tried to open the door to his minivan while he was sitting inside next to" his wife. We are not aware of any evidence that demonstrated that Mr. Griffin had a weapon, defendant believed Mr. Griffin had a weapon, or Mr. Griffin threatened or in any way acted as though he was going to touch defendant's wife. Accordingly, defendant's lone statement that he was defending "myself and my vehicle and my wife" is not "evidence from which the jury could find that the defendant *reasonably believed a third person was in immediate peril of death or serious bodily harm at the hands of another*," and the trial court did not commit error in failing to instruct the jury on defense of others. *Id.* (emphasis added). This argument is overruled.

### III. Character Evidence

**[4]** Citing North Carolina General Statute § 8C-1, Rule 404(b), defendant also contends that "the trial court erred by allowing Jason Griffin to testify to improper bad character evidence by stating that . . . [defendant] was 'a man with a machete riding around.'" (Original in all caps.) North Carolina General Statute § 8C-1, Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2009). Here the following exchange took place during defendant's trial between the State and Jason Griffin, Mr. Griffin's brother, who had witnessed the incident:

Q. And you had called for help?

A. Yes, sir.

Q. And was that because your brother had been hurt and needed some attention?

A. Yes. And also I didn't want anybody else to get hurt by a man with a machete riding around.

Mr. Jason Griffin's statement was not "character evidence" pursuant to North Carolina General Statute § 8C-1, Rule 404(b), but rather his description of what he saw and his reason for calling for help; wielding a machete is not a character trait. *See id.* North Carolina General Statute § 8C-1, Rule 404(b) is inapplicable, and this argument is without merit.

### IV. Conclusion

For the foregoing reasons, we find no error.

NO ERROR.

Judges STEPHENS and DILLON concur.