An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-967
NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

STATE OF NORTH CAROLINA

   v.

DERRICK LAMONT LEATH

Alamance County
Nos. 12 CRS 53844
     13 CRS 610

Appeal by Defendant from judgment entered 11 April 2013 by Judge James E. Hardin, Jr., in Alamance County Superior Court. Heard in the Court of Appeals 27 January 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Robert K. Smith, for the State.*

> *Todd A. Smith for Defendant.*

DILLON, Judge.

Derrick Lamont Leath ("Defendant") appeals from a judgment entered upon his conviction for assault with a deadly weapon inflicting serious injury ("AWDWISI") and his guilty plea to habitual felon status. Because we find substantial evidence of Defendant's use of a deadly weapon to assault his victim and further find no constitutionally deficient performance by

defense counsel, we hold that Defendant received a fair trial, free from prejudicial error.

The State's evidence tended to show that, on the night of 24 June 2012, Abjul Shields and Quixote Clark were working as members of the security team at Club 778 on Graham-Hopedale Road in Burlington, North Carolina. Shortly after midnight, Shields walked to the rear of the club and observed Defendant cursing and threatening Clark. When Defendant ignored his request to leave, Shields moved between Defendant and Clark and told Defendant, "[T]his is not what you want to do." Defendant threw a punch at Shields, striking him on the side of the face. Despite landing with "[n]ot too much" force, the blow opened a five-inch laceration on Shield's cheek requiring twenty-nine sutures to close. As Defendant ran, Shields entered a restroom to examine his face, which "looked like a fish." Shields was transported by ambulance to the emergency room, where staff treated the cut to his face and smaller laceration on his left wrist.

Within minutes of the foregoing encounter, Clark saw Defendant in front of the club "[t]rying to leave." When he attempted to subdue Defendant, Clark observed a razor blade in Defendant's right hand "between his thumb and his forefinger."

Defendant swung at Clark twice with the blade before leaving with an associate in a burgundy truck.

The jury found Defendant guilty of AWDWISI upon Shields but not guilty of assault with a deadly weapon upon Clark, who accused Defendant of striking him with a beer bottle prior to the assault on Shields. After Defendant pled guilty to being an habitual felon, the trial court sentenced him to an active prison term of 90 to 120 months. Defendant gave notice of appeal in open court.

Defendant first claims that the trial court erred in denying his motion to dismiss the AWDWISI charge based on the lack of evidence that he employed a deadly weapon in assaulting Shields. We do not agree.

The trial court's denial of a motion to dismiss for insufficient evidence is reviewed *de novo*. *State v. Lowery*, __ N.C. App. __, __, 743 S.E.2d 696, 698-99, *disc. review denied*, __ N.C. __, 749 S.E.2d 858 (2013). In conducting our review, "this Court determines whether the State presented substantial evidence in support of each element of the charged offense. Substantial evidence is relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion." *State v. Abshire*, 363 N.C.

322, 327-28, 677 S.E.2d 444, 449 (2009) (citations and quotation marks omitted).

Defendant does not challenge the evidence that he assaulted or inflicted a serious injury upon Shields. Accordingly, we need only determine whether the State adduced "substantial evidence – whether direct, circumstantial, or both – to support a finding" that Defendant committed the assault *with a deadly weapon*. *Id.* at 328, 677 S.E.2d at 449 (quotation omitted); *see also State v. Jones*, 353 N.C. 159, 164, 538 S.E.2d 917, 922 (2000) (listing elements of AWDWISI). "An instrument which is likely to produce death or great bodily harm under the circumstances of its use is properly denominated a deadly weapon." *State v. Joyner*, 295 N.C. 55, 64, 243 S.E.2d 367, 373 (1978).

While it is true that no witness saw Defendant use a weapon to cut Shields, Clark testified that he saw a razor blade in Defendant's right hand moments after Defendant opened a five-inch laceration on Shields' face by means of a single punch delivered with little force. The treating physician described the wound as a "clean" cut, "almost surgical" in nature, and "obviously" produced by "a very sharp blade, a very straight

blade, a knife, a razor blade, a box cutter."[1] We believe a reasonable juror could find this circumstantial evidence more than sufficient to establish Defendant's use of a razor blade in a manner rendering it a deadly weapon. *See State v. Gilliland*, 66 N.C. App. 372, 373, 311 S.E.2d 40, 41 (1984); *see also State v. Torain*, 316 N.C. 111, 121, 340 S.E.2d 465, 471, *cert. denied*, 479 U.S. 836, 93 L. Ed. 2d 77 (1986).

Defendant next asserts that his trial attorney violated his constitutional right to effective assistance of counsel by allowing Burlington Police Officer Neal Doss to testify regarding prior out-of-court statements made by Shields and Clark on the night of the assault which were inconsistent with their sworn testimony at trial. Noting Shields' testimony that he never saw Defendant with a weapon, Defendant faults counsel for allowing Officer Doss to recount Shields' statement that he had been "cut" by Defendant while attempting to break up a "fight" between Defendant and another party. Similarly, Officer Doss testified that Shields and Clark both claimed to have seen a female hand Defendant a razor blade before he struck Shields. Given "the lack of evidence that [he] had a razor blade on that evening," Defendant faults his counsel for (1) failing to object

---

[1]Defendant conceded at trial that Shields' wounds would support a finding of "serious injury."

when Officer Doss testified about these statements on direct examination, and (2) calling additional attention to these prior statements in cross-examining Officer Doss.

In reviewing claims of ineffective assistance of counsel, we apply the two-part test established in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674 (1984), and adopted for state constitutional purposes in *State v. Braswell*, 312 N.C. 553, 562-63, 324 S.E.2d 241, 248 (1985). Defendant must show that (1) his counsel's performance fell "below an objective standard of reasonableness[,]" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Waring*, 364 N.C. 443, 502, 701 S.E.2d 615, 652 (2010) (quoting *Strickland*, 466 U.S. at 688, 694, 80 L. Ed. 2d at 693, 698), *cert. denied*, __ U.S. __, 181 L. Ed. 2d 53 (2011) (quotation marks omitted).

Typically, claims of ineffective assistance of counsel are more appropriately addressed in a collateral proceeding, which allow for the development of additional evidence outside the trial record. *See State v. Lawson*, 159 N.C. App. 534, 545, 583 S.E.2d 354, 361 (2003). However, such "claims brought on direct review will be decided on the merits when the cold record

reveals that no further investigation is required[.]" *State v. Phillips*, 365 N.C. 103, 144, 711 S.E.2d 122, 151 (2011) (quotation omitted), *cert. denied*, __ U.S. __, 182 L. Ed. 2d 176 (2012). Moreover, under *Strickland* and its progeny, we "need not determine whether counsel made errors if the record does not show a reasonable probability that a different verdict would have been reached in the absence of counsel's deficient performance." *State v. Banks*, 163 N.C. App. 31, 36, 591 S.E.2d 917, 921, *disc. review denied*, 358 N.C. 377, 597 S.E.2d 767 (2004) (citing *Braswell*, 312 N.C. at 563, 324 S.E.2d at 248-49).

The record before this Court shows that, throughout Defendant's trial, his counsel pursued the strategy of discrediting Shields and Clark in the eyes of the jury. Highlighting the multiple inconsistencies between the in-court and out-of-court statements of the complainants was an obvious tactic in furtherance of this strategy. *See generally State v. Bishop*, 346 N.C. 365, 387, 488 S.E.2d 769, 780 (1997) (stating that "[p]rior statements of a witness which are inconsistent with his present testimony are not admissible as substantive evidence because of their hearsay nature[;] [e]ven so, such prior inconsistent statements are admissible for the purpose of impeachment") (quotation omitted). Prior to Officer Doss's

testimony, counsel had vigorously cross-examined Shields and Clark about the discrepancies between their testimony and their statements to investigators.  Counsel elicited an admission from Shields that he told the prosecutor that he knew Defendant "in the community" and "had seen him at the club two times before[,]" contradicting his testimony that he did not know and had never seen Defendant prior to 24 June 2012.  Shields further conceded having told Officer Doss that Defendant "cut [him] with a blade given to him by some unknown black female[,]" despite the fact that he had not seen Defendant possess a weapon or interact with a woman.  Likewise, Clark admitted on cross-examination that he "lie[d]" when he told police that he saw a woman hand Defendant a razor.  We believe that counsel's use of Officer Doss's testimony as another opportunity to impeach the complainants' credibility was a sound tactical decision well within the broad discretion granted to defense counsel under the Sixth Amendment.  *See State v. Milano*, 297 N.C. 485, 495, 256 S.E.2d 154, 160 (1979) (noting that "whether and how to conduct cross-examination" is the "exclusive province of the lawyer after consultation with his client"), *overruled on other grounds by State v. Grier*, 307 N.C. 628, 300 S.E.2d 351 (1983).  Indeed,

the jury acquitted Defendant of assaulting Clark with a beer bottle.

Assuming *arguendo* counsel's handling of Officer Doss's testimony was objectively unreasonable, we find no probability that it impacted the verdict in this cause. The trial court instructed the jury that it "must not consider [witnesses'] earlier statements as evidence of the truth of what was said at that earlier time because it was not made under oath at this trial[,]" but could consider the consistency or inconsistency of a prior statement "in deciding whether you will believe or disbelieve the witness's testimony." Inasmuch as "[t]he law presumes that the jury follows the judge's instructions[,]" *State v. Hopper*, 292 N.C. 580, 589, 234 S.E.2d 580, 585 (1977), we deem this instruction sufficient to foreclose any showing of prejudice from counsel's supposed error, particularly under the heightened *Strickland* standard. Defendant's argument is overruled.

NO ERROR.

Chief Judge MARTIN and Judge HUNTER, JR., concur.

Report per Rule 30(e).