STATE OF NORTH CAROLINA v. EMMETT L. MARSH

No. 26

(Filed 11 October 1977)

**Assault and Battery § 15.5— evidence of self-defense—failure to give instruction— error**

> In a prosecution for assault with a deadly weapon with intent to kill, inflict-ing serious injury, the trial court erred in failing to instruct on self-defense where the State's evidence pointed to defendant as the aggressor, but there was compe-tent evidence which would permit, but not require, the jury to find that defend-ant did not voluntarily and aggressively enter into an armed confrontation with the victim, but used only such force as was necessary, or appeared to him to be necessary in order to save himself from death or great bodily harm.

APPEAL by defendant from *Gavin, S. J.*, 17 May 1976 Session of UNION Superior Court.

Defendant was charged in a bill of indictment with assault with a deadly weapon with intent to kill, inflicting serious injury upon Edmond Bivens. He entered a plea of not guilty.

The State's evidence tends to show that on 1 April 1976, Ed-mond Bivens stopped to investigate a light that was on in the rest-room of his service station. Upon opening the door to the restroom, defendant struck Bivens with a metal object. Bivens received medical treatment for his injuries and had instituted proceedings against defendant which were pending at the time of the shooting which is the subject of this appeal.

On the morning of 8 April 1976, Bivens was seated in his office preparing a bank deposit. He looked up and saw defendant ap-proaching the service station with "hate in his eyes." Bivens then pushed the money he was counting into a drawer, grabbed a pistol, and told defendant to stop. According to Bivens, defendant reached into his back pocket, took out a pistol and fired twice through a glass window. Bivens, who was not wounded, then fired one shot at de-fendant and retreated through a side door. Defendant fired twice more in Bivens' direction. Bivens further testified that prior to 1 April 1976, he had had no difficulties or problems with defendant.

Bonnie Duncan, testifying for defendant, stated that she was crossing the street in the vicinity of Bivens' service station on the morning of 8 April 1976 and that she heard a single gunshot. She turned and saw defendant reaching into his back pocket at which time she ran to seek a place of safety. She further testified that she

heard two more shots fired. Miss Duncan also testified that defendant was known to habitually carry a pistol.

The jury returned a verdict of guilty of felonious assault with a firearm, and the defendant was sentenced to ten years imprisonment. Defendant appealed. The Court of Appeals, Clark, J., dissenting, found no error in the trial.

*Attorney General Edmisten, by Associate Attorney Daniel C. Oakley, for the State.*

*William H. Helms for the defendant.*

BRANCH, Justice.

The single question presented by this appeal is whether the trial judge erred by failing to instruct the jury on the law of self-defense.

The trial judge must charge the jury on all substantial and essential features of a case which arise upon the evidence, even when, as here, there is no special request for the instruction. *State v. Mercer*, 275 N.C. 108, 165 S.E. 2d 328. *State v. Todd*, 264 N.C. 524, 142 S.E. 2d 154. Unquestionably, self-defense may become a substantial and essential feature of a criminal case, and when there is evidence from which it may be inferred that a defendant acted in self-defense, he is entitled to have this evidence considered by the jury under proper instruction from the court. *State v. Deck*, 285 N.C. 209, 203 S.E. 2d 830, *State v. Miller*, 267 N.C. 409, 148 S.E. 2d 279. *State v. Faust*, 254 N.C. 101, 118 S.E. 2d 769.

The right to act in self-defense rests upon necessity, real or apparent, and a person may use such force as is necessary or apparently necessary to save himself from death or great bodily harm in the lawful exercise of his right of self-defense. A person may exercise such force if he believes it to be necessary and has reasonable grounds for such belief. The reasonableness of his belief is to be determined by the jury from the facts and circumstances as they appeared to the accused at the time. *State v. Gladden*, 279 N.C. 566, 184 S.E. 2d 249. *State v. Kirby*, 273 N.C. 306, 160 S.E. 2d 24. However, the right of self-defense is only available to a person who is without fault, and if a person voluntarily, that is aggressively and willingly, enters into a fight, he cannot invoke the doctrine of self-defense unless he first abandons the fight, withdraws from it and gives notice to his adversary that he has done so. *State v. Watkins*, 283 N.C. 504, 196 S.E. 2d 750. *State v. Johnson*, 278 N.C. 252, 179 S.E. 2d 429. *State v. Davis*, 225 N.C. 117, 33 S.E. 2d 623.

Decision of this appeal turns upon the question of whether there is evidence from which the jury might infer that defendant acted in self-defense. We think there was such evidence.

The witness Bonnie Duncan testified:

... I saw Emmett Marsh on the morning of April 8 of this year around Mr. Bivens' Exxon station. He was at the station prior to the time that I got there. As I approached the service station, I seen Emmett standing up there in front of the service station.

When I was going across the street, I heard a shot and then I turned around and I seen Emmett like he was going in his pocket. Then I turned around and I ran.

I heard the shot prior to the time that I saw Emmett reach for his back pocket. ...

There is no evidence that defendant was a trespasser or was in the place where he had no right to be, and the record discloses no threats by defendant prior to the shooting.

The evidence is in conflict as to which of the parties is the aggressor. The State's evidence points to defendant as the aggressor; however, we are of the opinion that there was competent evidence which would permit, but not require, the jury to find that defendant did not voluntarily and aggressively enter into an armed confrontation with Bivens, but used only such force as was necessary, or appeared to him to be necessary in order to save himself from death or great bodily harm. It is for the jury to decide whether or not defendant's belief was reasonable. Thus, the trial judge's failure to charge on self-defense constitutes prejudicial error which requires a new trial.

This cause is remanded to the Court of Appeals with direction that it be remanded to the Superior Court of Union County for a new trial in accordance with this opinion.

Reversed.