OMA J. HARRIS, EXECUTRIX OF THE WILL OF KENNETH RAY HARRIS, DECEASED V. MARION URIAH HODGES, JR.

No. 81SC997

(Filed 18 May 1982)

**Death § 3— wrongful death—self-defense as defense in civil action**
> In a wrongful death action, the trial court properly submitted to the jury an issue as to whether defendant acted justifiably in self-defense where the evidence tended to show that defendant was hunting when plaintiff's decedent drove up in his pickup truck and hit and beat defendant at which time defendant shot him with a .22 caliber derringer.

APPEAL by plaintiff from *Reid, Judge.* Judgment entered on 18 February 1981 in Superior Court, BEAUFORT County. Heard in the Court of Appeals on 4 May 1982.

This appeal arises from plaintiff's wrongful death action for damages, in which plaintiff alleged that defendant "maliciously, willfully, wantonly, intentionally and unlawfully" "shot and killed plaintiff's decedent." The jury returned a verdict that the gunshot wound inflicted upon decedent by the defendant was the direct and proximate cause of the decedent's death, but that the defendant acted "justifiably in self-defense." From a judgment that plaintiff recover nothing of defendant by reason of the action, plaintiff appealed.

*McMullan & Knott, by Lee E. Knott, Jr.; and James, Hite, Cavendish & Blount, by M. E. Cavendish, for plaintiff appellant.*

*Griffin & Martin, by Clarence W. Griffin; and Wilkinson & Vosburgh, by John A. Wilkinson, for defendant appellee.*

HEDRICK, Judge.

Plaintiff's sole assignment of error is "the submission of issue number 2 to the jury which issue reads as follows: 'Did the defendant act justifiably in self defense?'" Plaintiff argues that the evidence was insufficient to support the issue of self-defense.

> [E]vidence is sufficient to go to the jury on an issue when the evidence is sufficient to permit, but not compel, a favorable verdict. . . . "[T]he jury may disbelieve the evidence presented, or believe the evidence but decline to draw the inferences necessary to a finding of the ultimate fact, or believe the evidence and draw the necessary inferences."

*Brandon v. Nationwide Mutual Fire Insurance Co.*, 301 N.C. 366, 372, 271 S.E. 2d 380, 384 (1980).

In the present case, the contested issue is that of self-defense in a civil action for wrongful death. There are relatively few tort cases on the substantive law of self-defense; "[t]he tort rules are apparently completely identical with those of the criminal law." W. Prosser, Handbook of the Law of Torts § 19, 108 n. 12 (4th ed. 1971). Hence, criminal cases will provide the guidance for what evidence is necessary to justify submission of a self-defense issue.

"[W]hen there is evidence from which it may be inferred that a defendant acted in self-defense, he is entitled to have this evidence considered by the jury under proper instruction from the court." *State v. Marsh*, 293 N.C. 353, 354, 237 S.E. 2d 745, 747 (1977). A defendant may employ deadly force in self-defense when and only when it reasonably appears to be necessary to protect against death or great bodily harm. *See State v. Clay*, 297 N.C. 555, 256 S.E. 2d 176 (1979) and *State v. Deck*, 285 N.C. 209, 203 S.E. 2d 830 (1974). "The reasonableness of defendant's apprehension of death or great bodily harm must be determined by the jury on the basis of all the facts and circumstances as they appeared to defendant at the time." *State v. Clay, supra* at 563, 256 S.E. 2d at 182.

Defendant testified in the present case to, *inter alia*, the following:

On 22 November 1976, defendant was hunting deer in Martin County and sitting in his parked pickup truck when plaintiff's decedent, Kenneth Ray Harris, drove up in his pickup truck and stopped right in front of defendant's truck. Harris got out of his truck and hit defendant through the open truck window and grabbed defendant in the throat and beat him on the side of the head and jerked him from his truck. Harris, who was strong and of large build, then slung defendant to the ground and was hovering over defendant when defendant shot him with a .22 caliber derringer. Although Harris was not armed, defendant shot him because defendant was afraid of Harris and wanted to stop Harris from hurting him; in shooting Harris, defendant knew Harris was going to stomp him in the ground or do something to hurt him, and that Harris had a dangerous and violent record. Defendant knew he was going to get hurt if he did not stop Harris. When he shot Harris, he did not want to kill him, and was aiming at his leg. Harris died from the gunshot wound inflicted by defendant.

Assuming arguendo that the firing of a derringer at an assailant's leg is deadly force, *State v. Clay, supra,* states that the determination of the reasonableness of defendant's apprehension of death or great bodily harm, which apprehension justifies the use of deadly force, is for the jury. Furthermore, defendant's testimony was sufficient to permit but not compel the jury to find that he reasonably apprehended that Harris would have inflicted death or great bodily harm upon him had he not taken preventive action. Hence, there was sufficient evidence to allow submission of the self-defense issue to the jury and the assignment of error is overruled.

No error.

Judges HILL and BECTON concur.