STATE OF NORTH CAROLINA v. GARY DEAN HALL

No. 8727SC244

(Filed 5 April 1988)

1. **Assault and Battery § 15.7— defendant as aggressor—instruction on self-defense not required**

   In a prosecution for assault with a deadly weapon inflicting serious injury defendant was not entitled to an instruction on self-defense where defendant refused the request of his wife to get back into his van and admitted returning to the van to secure his shotgun; defendant then approached the victim with the gun; this evidence indicated that defendant was not without fault in bringing on the affray; and there was no evidence that defendant at any time withdrew from the fight and gave notice to the victim of the same.

2. **Assault and Battery § 15.7— no belief that wife was in danger—instruction on defense of family not required**

   In a prosecution for assault with a deadly weapon inflicting serious injury the trial court did not err in failing to instruct on defense of family where

---

---

there was no evidence that defendant reasonably believed his wife was in peril of death or serious bodily harm at the time he shot the victim.

3. **Assault and Battery § 15.2— assault with deadly weapon inflicting serious injury — requested instruction not supported by evidence**

   In a prosecution for assault with a deadly weapon inflicting serious injury where there was no evidence of self-defense or defense of family, the trial court did not err in refusing to add the words "and without justification or excuse" to the jury instructions.

APPEAL by defendant from *Downs (James), Judge.* Judgment entered 22 October 1986 in Superior Court, GASTON County. Heard in the Court of Appeals 23 September 1987.

*Attorney General Lacy H. Thornburg, by Randy Meares, Associate Attorney General, for the State.*

*Kellum Morris for defendant-appellant.*

GREENE, Judge.

This is a criminal case in which defendant was indicted for assault with a deadly weapon inflicting serious injury on Andrew Franklin Ivey. Defendant entered a plea of not guilty. At trial, the jury found defendant guilty and the judge sentenced him to eighteen months in prison. Defendant appeals.

Defendant contends he was entitled to instructions on defense of family members and self-defense, or in the alternative, a modified instruction as to the principal crime. The trial court refused to submit these instructions to the jury.

In determining whether the jury should have been instructed as defendant requests, the facts are to be interpreted in the light most favorable to the defendant. *State v. Watkins,* 283 N.C. 504, 509, 196 S.E. 2d 750, 754 (1973). The evidence, interpreted in the light most favorable to the defendant, shows he went to his estranged wife's (hereinafter "Nancy" or "wife") mobile home after reading a note she left him at his residence. The note requested the defendant to bring her a gun so she could protect herself and her children from Andrew Ivey (hereinafter "victim"). Defendant then placed a single-barrel shotgun in his truck and drove to Nancy's mobile home. When defendant arrived, he got out of his van and was met by Nancy, who came running out of the mobile home. She told defendant the victim had a knife and that the vic-

tim was going to hurt him. Nancy also told defendant to get back into his van. Instead, defendant walked back to his van, reached in, and pulled out the shotgun. The victim, who had been standing on the porch, walked towards the corner of the mobile home and defendant approached the victim with the shotgun. The two men were about ten to twelve feet apart. Over a period of about five minutes, defendant and the victim argued. Defendant asked the victim to leave the premises several times. The evidence indicated the victim had an open knife in one of his pockets and at one point told defendant to put down the gun and he would put away his knife. However, defendant never saw a knife in the possession of the victim. Defendant testified that the victim then turned as if to leave but abruptly turned back towards defendant and took two or three steps in his direction. It appeared to defendant that the victim was reaching for something as he moved towards him and so he fired the shotgun. The shot hit the victim and caused severe damage to his right arm.

---

The issues presented are: I) whether the evidence required an instruction on self-defense, II) whether the evidence required an instruction on defense of family or, in the alternative, III) whether the instructions were in error because they failed to instruct the jury that the State had to prove defendant assaulted victim "without justification or excuse."

I

[1] Where there is sufficient evidence, considered in the light most favorable to the defendant, that the defendant acted in self-defense, a court should charge the jury on self-defense. *Watkins*, 283 N.C. at 509, 196 S.E. 2d at 754. Self-defense in repelling a felonious assault (*see State v. Hunter*, 315 N.C. 371, 373, 338 S.E. 2d 99, 101-02 (1986)), is a complete defense if it is established that at the time of the assault: (1) it appeared to defendant and he believed it necessary to use deadly force in order to save himself from death or great bodily harm; (2) defendant's belief was reasonable in that the circumstances at the time of the action were sufficient to create this belief in a person of ordinary firmness; (3) defendant did not use more force than was necessary or reasonably appeared necessary to him in protecting himself from death or great bodily harm; (4) defendant was not the aggressor in

bringing on the affray, that is, he was without fault and did not aggressively and willfully enter into the fight without legal provocation or excuse. *State v. Bush*, 307 N.C. 152, 158, 297 S.E. 2d 563, 568 (1982), *habeas corpus granted on other grounds, Bush v. Stephenson*, 669 F. Supp. 1322 (E.D.N.C. 1986), *aff'd*, 826 F. 2d 1059 (4th Cir. 1987); *State v. Marsh*, 293 N.C. 353, 354, 237 S.E. 2d 745, 747 (1977).

In the present case, defendant refused the request of his wife to get back into his van and admitted returning to the van to secure the shotgun. He then approached the victim with the gun. This evidence indicates defendant was not without fault in bringing on the affray and "voluntarily and aggressively took himself into a situation in which he well knew that he or the other man would probably use deadly force." *State v. Brooks*, 37 N.C. App. 206, 208-09, 245 S.E. 2d 564, 565 (1978). There was no evidence defendant at any time withdrew from the fight and gave notice to the victim of the same. *See Marsh*, 293 N.C. at 354, 237 S.E. 2d at 747 (self-defense instruction proper where evidence shows defendant abandoned fight, withdrew, and gave notice to his adversary that he has done so). As defendant entered into the affray voluntarily and without lawful excuse or provocation, he is considered the aggressor and was therefore not entitled to a charge on self-defense. *Watkins*, 238 N.C. at 511, 196 S.E. 2d at 755.

II

[2] Defendant next argues the trial court committed error in not instructing the jury on defense of family. A family member has the right to come to the defense of a fellow family member when that member is faced with an assault. *State v. Moses*, 17 N.C. App. 115, 116, 193 S.E. 2d 288, 289 (1972). The law allows this interference to prevent injury. *Id.* However, unless there is evidence defendant had a well-grounded belief that an assault was about to be committed by another on the family member, he is not entitled to an instruction on defense of that person. *See State v. Fields*, 268 N.C. 456, 458, 150 S.E. 2d 852, 854 (1966) (per curiam). Moreover, the "assistant's act may not be in excess of that which the law would allow the assisted party." *Moses*, 17 N.C. App. at 116, 193 S.E. 2d at 289.

Here, there is no evidence in the record defendant reasonably believed his wife was in peril of death or serious bodily harm

at the time he shot the victim. The wife's statements to defendant once he reached the mobile home showed her concern for her husband's safety but did not indicate she felt she was about to be assaulted. While the victim may have earlier assaulted defendant's wife, at the time of defendant's assault on the victim, the wife was removed from any likely harm from the victim. Accordingly, the trial court committed no error in failing to instruct on defense of family.

## III

[3] Defendant contends that the trial court committed error in instructing the jury as follows:

> The defendant has been charged, and you will determine whether or not he is guilty or innocent of, assault with a deadly weapon inflicting serious injury. For you to find him guilty of that offense the State must prove the following things beyond a reasonable doubt: one, that the defendant assaulted Andrew Ivey by shooting him in the arm; second, at the time the defendant used a deadly weapon. A deadly weapon is one which is likely to cause death or serious bodily injury and; third, that the defendant inflicted serious injury upon Andrew Ivey.

Defendant contends a proper instruction would have been as follows:

> The defendant has been charged, and you will determine whether or not he is guilty or innocent of, assault with a deadly weapon inflicting serious injury. For you to find him guilty of that offense the State must prove the following things beyond a reasonable doubt: one, that the defendant assaulted Andrew Ivey by shooting him in the arm *and without justification or excuse*; second, at the time the defendant used a deadly weapon. A deadly weapon is one which is likely to cause death or serious bodily injury and; third, that the defendant inflicted serious injury upon Andrew Ivey.

The only evidence in the record which defendant argues supports any justification or excuse is the evidence relating to defense of self and defense of family. As we have held defendant did not offer sufficient evidence on defense of self or defense of fami-

ly, the court committed no error in refusing to add the words "and without justification or excuse" to the jury instructions.

Finally, we find no error in the trial court's refusal to set aside the jury verdict. The evidence was sufficient to convince a rational trier of fact to find each element of the crime beyond a reasonable doubt. *See State v. Revelle*, 301 N.C. 153, 160, 270 S.E. 2d 476, 480 (1980).

No error.

Judges PHILLIPS and COZORT concur.