LEWIS RANKIN YOUNG, JR., ADMINISTRATOR OF THE ESTATE OF LEWIS REID YOUNG, DECEASED v. WILLIAM S. WARREN

No. 8828SC1120

(Filed 19 September 1989)

1. **Assault and Battery § 2— civil assault—defense of family— affirmative defense—failure to plead—submission to jury improper**

    A defendant in a civil action may assert defense of family to justify assault on a third party, but it is an affirmative defense which must be affirmatively pled. Defendant in this action did not properly plead defense of family in his answer; the parties neither expressly nor impliedly consented to trying the issue; plaintiff objected to submission of the issue to the jury; and even if the defense had been properly raised, evidence did not support its submission to the jury where there was no evidence that defendant reasonably believed his daughter was at the time of the shooting in peril of death or serious bodily harm.

2. **Evidence § 15— wrongful death action—victim's possession of firearm and blood alcohol level—no knowledge by defendant—evidence improperly admitted**

    The trial court in a wrongful death action should have granted plaintiff's motion to prevent admission of testimony concerning the victim's possession of a firearm and his blood alcohol level, since there was no evidence that defendant knew that deceased had a handgun in his possession or had consumed alcohol, and this evidence therefore was not relevant.

## 3. Death § 6— wrongful death action—evidence of criminal prosecution arising out of death—instructions proper

The trial court in a wrongful death action properly instructed that the jury could consider defendant's plea of guilty in a criminal case arising from the same facts as this civil action but that the conviction was not conclusive evidence of defendant's culpable negligence.

APPEAL by plaintiff from *Hyatt (J. Marlene), Judge.* Order entered 15 June 1988 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 19 April 1989.

*Westall, Gray, Kimel & Connolly, P.A., by Ronald L. Moore, and John O. Shuford, III, for plaintiff-appellant.*

*Frank J. Contrivo and Robert G. McClure, Jr. for defendant-appellee.*

GREENE, Judge.

In this civil action the plaintiff appeals from a final judgment entered by the trial court, pursuant to a jury verdict, denying any recovery on a wrongful death action.

The evidence introduced at trial showed that defendant shot and killed Lewis Reid Young ("Young") on 12 May 1986. The death occurred as a result of a 20-gauge shotgun blast fired at close range into the deceased's back. On 14 October 1986, the defendant pled guilty to involuntary manslaughter.

Prior to the shooting, in the early morning hours of 12 May 1986, Young, who had been dating defendant's daughter for several months, went to the home of defendant's daughter who lived with her two children within sight of the defendant's residence. Upon arriving at the defendant's daughter's home, Young threw a large piece of wood through the glass in the front door. He then entered the home by reaching through the broken window and unlocking the door. Once inside the house Young argued with the defendant's daughter and "jerked" her arm. At that point, the defendant arrived with his loaded shotgun, having been awakened by a telephone call from a neighbor, his ex-wife, who had told him "something bad is going on" at his daughter's house. When the defendant arrived at his daughter's house, he heard screaming and saw Young standing inside the door. The defendant then testified:

A. I told him like, 'Come on out. This doesn't make any sense,' and he kind of came forward, you know, kind of had his hands up like that. (Indicating) I backed away from the door and I told him to get on out. 'This can be taken care of tomorrow,' or something to that effect.

Q. You told him to get the hell out, didn't you?

A. Well, okay; something like that.

Q. Okay. And then what happened?

A. Then he walked out the door and I just backed up like he came out the door and he walked over about six feet. There is a cement porch there, and he stepped right there, and I was behind him anywhere from a foot to eighteen inches, maybe even two foot, and he stopped. And in my opinion, he started to turn around. . . .

Q. What did he do?

A. He stopped and started to lower his hands and started to turn around.

Q. What did you do?

A. I prodded him with the gun and told him to get on out, and that's when it went off.

The trial judge submitted two issues to the jury, the second issue being submitted over the objection of the plaintiff:

1. Did Lewis Reid Young, deceased, die as a result of the negligent acts of the defendant, William S. Warren?

Answer: Yes.

2. Did the defendant, William S. Warren, act in the lawful defense of his daughter, Autumn Stanley, and her children, his grandchildren?

Answer: Yes.

Pursuant to the jury's answers to the issues submitted by the judge, the trial court ordered "that the plaintiff, Lewis Rankin Young, Jr., have and recover nothing of the defendant, William S. Warren, and that the costs be taxed against the plaintiff."

The determinative issue is whether the trial court erred in submitting the defense of family issue to the jury.

## I

**[1]** We first determine whether a defendant in a civil action may assert defense of family to justify assault on a third party. While self-defense and defense of family are seen more often in the context of criminal law, these defenses are nonetheless appropriate in civil actions. *See Harris v. Hodges*, 57 N.C. App. 360, 291 S.E.2d 346, *disc. rev. denied*, 306 N.C. 384, 294 S.E.2d 208 (1982); S. Spieser, C. Krause & A. Gans, *The American Law of Torts* Sec. 5:8 at 802 (1983) (self-defense and defense of others recognized in both criminal and civil law); 22A Am. Jur. 2d *Death* Sec. 163 at 237 (1988) (the "defense of self-defense is available in a wrongful death action").

If the defenses apply, the defendant's conduct is considered "privileged" and the defendant is not subject to tort liability for actions taken within the privilege. Spieser, *The American Law of Torts* Sec. 5:6 at 794. The defenses, as they result in avoidance of liability, are considered affirmative defenses and must be affirmatively pled. N.C.G.S. Sec. 1A-1, Rule 8(c) (1983); *see also* Spieser, *The American Law of Torts* Sec. 5:8 at 802. The burden of proof is on the defendant to prove the defenses by a preponderance of the evidence. Annot. "Death Action—Self-Defense—Proof," 17 A.L.R.2d 597, 601 (1951).

An assault on a third party in defense of a family member is privileged only if the "defendant had a well-grounded belief that an assault was about to be committed by another on the family member . . . ." *State v. Hall*, 89 N.C. App. 491, 494, 366 S.E.2d 527, 529 (1988). However, in no event may defendant's action be in excess of the privilege of self-defense granted by law to the family member. *Id.*; Spieser, *The American Law of Torts* Sec. 5:10 at 810. The privilege protects the defendant from liability only to the extent that the defendant did not use more force than was necessary or reasonable. Prosser & Keeton, *The Law of Torts* Sec. 20 at 130 (5th ed. 1984); *Hall*, 89 N.C. App. at 493, 366 S.E.2d at 528. Finally, the necessity for the defense must "be immediate, and attacks made in the past, or threats for the future, will not justify" the privilege. Prosser & Keeton, *The Law of Torts* at 130.

## YOUNG v. WARREN

[95 N.C. App. 585 (1989)]

The defendant did not properly plead in his answer the "defense of family." N.C.G.S. Sec. 1A-1, Rule 8(c) (matter constituting affirmative defense must be pled). The parties neither expressly nor impliedly consented to trying the issue of "defense of family." In fact, the plaintiff objected to the submission of this issue to the jury. Procedurally, no grounds existed for placing the issue before the jury. *See Nationwide Mut. Ins. Co. v. Edwards*, 67 N.C. App. 1, 6, 312 S.E.2d 656, 660 (1984) (when affirmative defense is not pled, parties may by "express or implied consent" waive pleading of the affirmative defense).

Additionally, the record contains no evidence that the defendant reasonably believed his daughter was, at the time of the shooting of the plaintiff, in peril of death or serious bodily harm. At that time, the plaintiff stood outside the house with his back to the defendant. Defendant's daughter and children were inside the house, removed from any likely harm from plaintiff. Accordingly, assuming *arguendo* the "defense of family" had been adequately pled or tried by consent, the evidence in this trial did not support the submission of the issue to the jury, and the plaintiff is entitled to a new trial. *See Hall*, 89 N.C. App. at 494; *Cf. Harris*, 57 N.C. App. at 361, 291 S.E.2d at 347 (self-defense issue for jury only after evidence was presented from which jury may infer defendant acted in self-defense).

## II

On remand, as several of the additional issues raised by plaintiff's assignments of error may arise at retrial, we briefly address them.

## A

[2] Plaintiff first contends the trial court erred in denying his *in limine* motion seeking to prevent the admission of testimony concerning Young's possession of a firearm and his blood/alcohol level. We agree. An autopsy report indicated Young's blood/alcohol level at the time of his death was .23 and that a detective removed a .22 caliber pistol from plaintiff's pocket after his death. However, no testimony exists on record that the defendant knew Young had a handgun in his possession or that he was aware that Young had consumed any alcohol. Accordingly, we determine this evidence was not relevant as it had no tendency to "make the existence of any fact that is of consequence to the determination of the

action more probable or less probable than it would be without the evidence." N.C.G.S. Sec. 8C-1, Rule 401 (1988). Therefore, the evidence was not admissible, and the motion *in limine* should have been allowed. N.C.G.S. Sec. 8C-1, Rule 402 (1988).

B

**[3]** The plaintiff next argues the trial court incorrectly instructed the jury as follows:

> The defendant's plea of "guilty" in the criminal case may be considered by you on the issue of the defendant's potential liability in this civil case. However, I instruct you that this conviction is not conclusive of the defendant's civil liability because this case involves different parties . . . .

We find no error in this part of the trial court's instructions. Evidence of a plea of guilty to a criminal charge is generally admissible in a civil case, but it is not conclusive evidence of defendant's culpable negligence. *Grant v. Shadrick*, 260 N.C. 674, 133 S.E.2d 457 (1963).

C

Plaintiff next argues that his motion for directed verdict on the issue of the defendant's negligence should have been allowed since defendant had pled guilty to manslaughter. Again, the evidence of the plea of guilty to manslaughter *is only some evidence in* the civil proceeding and does not justify a directed verdict for the plaintiff on the issue.

D

Plaintiff finally argued in his motion for directed verdict that, as a matter of law, Young was not contributorily negligent. Again we disagree. Whether Young's actions amounted to contributory negligence in this case is a question for the jury. *See Taylor v. Walker*, 320 N.C. 729, 734-35, 360 S.E.2d 796, 800 (1987). We do note, if on retrial the jury determines the defendant's negligence amounted to a willful or wanton injury, the defense of contributory negligence would not be available. *Pearce v. Barham*, 271 N.C. 285, 289, 156 S.E.2d 290, 294 (1967).

As the other assignments of error raised by the plaintiff are not likely to recur at trial, we do not address them.

New trial.

Judges ARNOLD and LEWIS concur.