**IN RE POPE**

[151 N.C. App. 117 (2002)]

IN THE MATTER OF: ERIC EDWIN POPE, JUVENILE

No. COA01-426

(Filed 18 June 2002)

**1. Appeal and Error— preservation of issues—no objection at trial—plain error—not raised in assignments of error**

The issue of whether the trial court erred by ruling a juvenile capable to proceed in a delinquency proceeding was not preserved for appeal where there was no objection to the ruling at the hearing and no assignment of error alleging plain error.

**2. Appeal and Error— preservation of issues—constitutionality of statute—motion to dismiss—no objection**

The issue of whether N.C.G.S. § 15A-1001 was unconstitutional as applied to a juvenile was not preserved for appellate review where the trial judge denied the juvenile's motion to dismiss on these grounds and no objection was raised.

**3. Juveniles— assault on government official—delinquency**

The trial court did not err by not finding that a juvenile acted in self-defense where a middle school principal carried the juvenile to the office to keep him from leaving the building, with the student grabbing a doorframe and scratching the principal in the process. The juvenile engaged in and continued a difficulty with the principal when he refused to heed warnings not to leave the building; the principal was required to undertake reasonable force to protect the juvenile's safety and to prevent him from leaving school premises.

Appeal by juvenile from order entered 27 November 2000 by Judge Craig Croom in Wake County District Court. Heard in the Court of Appeals 13 February 2002.

*Attorney General Roy A. Cooper, by Assistant Attorney General Diane W. Stevens, for the State.*

*Victor N. Meir for juvenile-appellant.*

TIMMONS-GOODSON, Judge.

Juvenile appeals an order adjudicating him delinquent and placing him on supervised probation. For the reasons discussed herein, we affirm the delinquency adjudication.

The evidence presented at trial by the State tended to show the following: Juvenile was a nine-year-old student at Lead Mine Elementary School in Wake County. On 21 December 2000, Dr. Gregory Decker ("Principal Decker"), the principal of Lead Mine Elementary, received information from juvenile's teacher that juvenile was missing from the classroom. Principal Decker located juvenile in the corridor near the main office. He asked juvenile to accompany him to the office. Juvenile turned away and began walking down the corridor, towards the exit door. As juvenile began to walk through the door, Principal Decker again, asked juvenile to accompany him to the office. Principal Decker then informed juvenile that if juvenile continued to walk through the exit door, he would have to physically carry him to the office. Juvenile continued through the door, at which time Principal Decker lifted juvenile, "cradled" him, and carried him to the office. While carrying juvenile to the office, juvenile struck Principal Decker with his fists on the back four times. As Principal Decker reached the office doorway, juvenile grabbed the door post to prevent Principal Decker from entering. He then scratched Principal Decker's hand with his fingernails. After this incident occurred, Principal Decker notified juvenile's parents.

On 18 February 2000, the State filed a juvenile petition alleging that juvenile committed the offense of assault on a government employee in violation of N.C. Gen. Stat. § 14-33(c)(4). On 7 March 2000, counsel for juvenile filed a motion pursuant to N.C. Gen. Stat. § 15A-1001 alleging that juvenile was incapable of proceeding to trial due to his general "lack of maturity" and inability to grasp court matters. Pursuant to the motion, the court ordered an evaluation of juvenile at Dorothea Dix Hospital to determine whether juvenile possessed the requisite capacity to proceed to trial. According to the evaluation by Dr. Manuel Versola, juvenile was found incapable of proceeding to trial. Pursuant to this report by Dorothea Dix Hospital, the State moved on 12 July 2000 for a competency hearing. On 20 September 2000, Judge Robert B. Rader found juvenile competent to stand trial. Juvenile then moved to dismiss the petition on the grounds that N.C. Gen. Stat. § 15A-1001 as applied to juvenile was unconstitutional. In an order entered 14 November 2000, the court denied the motion and the case proceeded to trial.

On 27 November 2000, the trial court adjudicated juvenile delinquent for assault on a government employee. Following the adjudication, a dispositional order was entered placing juvenile on supervised probation for six months. Juvenile appeals.

In his first two assignments of error, juvenile contends that (1) there was insufficient evidence to support the trial court's conclusion that juvenile was capable of proceeding to trial; (2) the trial court erred by failing to conclude that the competency statutes, as applied to juvenile, violate the United States and North Carolina Constitutions.

**[1]** As to juvenile's first assignment of error, the record reflects that on 7 March 2000, counsel for juvenile filed a motion alleging incapacity to proceed and an affidavit in support of the motion. After a hearing on 20 September 2000, Judge Rader found juvenile competent to proceed to trial. There is nothing in the record or transcript to suggest that juvenile, at any time, made any objections to the rulings of the trial court regarding juvenile's capacity to proceed at the 20 September 2000 hearing or the adjudication hearing on 20 November 2000. Thus juvenile has waived this argument for appeal. Because the competency issue was not preserved for appeal, we may review it only for plain error. *See State v. Flippen*, 349 N.C. 264, 276, 506 S.E.2d 702, 709 (1998), *cert. denied*, 526 U.S. 1135, 143 L. Ed. 2d 1015 (1999). However, juvenile has also waived plain error review by "failing to allege in his assignment of error that the trial court committed plain error." *Id.*; *see also* N.C.R. App. P. 10(c)(4) (2002). Accordingly, we do not address juvenile's first assignment of error.

**[2]** Similarly, as to juvenile's second assignment of error, the procedural history reveals that on 13 November 2000, counsel for juvenile moved to dismiss the delinquency petition on the grounds that N.C. Gen. Stat. § 15A-1001 was unconstitutional as applied to juvenile. On 14 November 2000, the trial court denied the motion. Again, the record does not reflect that objections were raised and therefore, this assignment of error is not preserved for appellate review. Due to juvenile's failure to properly preserve his constitutional arguments, we do not address juvenile's assignment of error. *See* N.C.R. App. P. Rule 10(c)(4) (2002).

**[3]** In his last assignment of error, juvenile contends that the trial court erred by not "considering" the issue of self-defense. While juvenile did not contest at trial the sufficiency of the evidence, he now asserts that the trial court should have found from the evidence that he acted in self-defense. We disagree.

"The theory of self-defense entitles an individual to use 'such force as is necessary or apparently necessary to save himself from

death or great bodily harm . . . A person may exercise such force if he believes it to be necessary and has reasonable grounds for such belief.'" *State v. Moore*, 111 N.C. App. 649, 653, 432 S.E.2d 887, 889 (1993) (quoting *State v. Marsh*, 293 N.C. 353, 354, 237 S.E.2d 745, 747 (1977)). Self-defense further excuses a defendant's assault of another, "'even though he is not . . . put in actual or apparent danger of death or great bodily harm.'" *State v. Hayes*, 130 N.C. App. 154, 179, 502 S.E.2d 853, 870 (1998) (quoting *State v. Anderson*, 230 N.C. 54, 56, 51 S.E.2d 895, 897 (1949)), *affirmed in part, dismissed in part*, 350 N.C. 79, 511 S.E.2d 302 (1999). Thus,

> "If one is without fault in provoking, engaging in, or continuing a difficulty with another, he is privileged by the law of self-defense to use such force against the other as is actually or reasonably necessary under the circumstances to protect himself from bodily injury or offensive physical contact at the hands of the other . . . ."

*Id.* (quoting *Anderson*, 230 N.C. at 56, 51 S.E.2d at 897). Therefore, to prevail on a self-defense claim, juvenile must show that he was without fault in "provoking, engaging in, or continuing a difficulty with another."

In the instant case, the evidence tends to show that at the time Principal Decker apprehended juvenile, juvenile was exiting the school premises. Principal Decker warned him at least twice that he was not to exit the building. N.C. Gen. Stat. § 115C-288(e) (2001), which outlines the duties and responsibilities of a principal, provides that "[t]he principal shall have [the] authority to exercise discipline over the [students] of the school . . . . [and] shall use reasonable force to discipline students[.]" In the unique school environment, "officials *must* be able to 'move quickly when dealing with immediate threats to a school's proper educational environment and student safety.'" *In Re D.D.*, 146 N.C. App. 309, 316, 554 S.E.2d 346, 351, *disc. review denied*, 354 N.C. 572, 558 S.E.2d 867 (2001) (citations omitted) (alteration in original). Clearly, the juvenile in failing to heed Principal Decker's warnings not to exit the building, "engaged in and continued a difficulty" with Principal Decker that required the principal to undertake some reasonable force to protect juvenile's safety and to prevent juvenile from leaving the school premises. Therefore, under the facts of this case, juvenile's self-defense claim must fail.

Affirmed.

Judges WYNN and TYSON concur.