DAVID BRYANT; Plaintiff,
v.
BEN JONES, Defendant.
No. COA08-1404
Court of Appeals of North Carolina.
Filed June 16, 2009
This case not for publication
Ridenour Law Firm, P.A., by Eric Ridenour, for plaintiff-appellee.
Donald H. Barton, for defendant-appellant.
WYNN, Judge.
We review a non-jury trial judgment to determine whether competent evidence supports the findings of fact and if so, whether the findings support the conclusions of law. Here, Defendant Ben Jones appeals from a non-jury trial judgment awarding Plaintiff David Bryant damages arising out of a civil action for assault and battery and intentional infliction of emotional distress. Because competent evidence supports the findings which in turn support the conclusions of law, we affirm.
From the outset, we observe that Defendant-Appellant's brief does not include "[a] full and complete statement of the facts . . . underlying the matter in controversy which are necessary to understand all questions presented for review, supported by references to pages in the transcript of proceedings, the record on appeal, or exhibits, as the case may be." N.C. R. App. P. 28(b)(5) (2008). Moreover, Plaintiff-Appellee does not assist Defendant with complying with Rule 28(b)(5) because he offers no statement of facts at all in his brief. That deficiency alone subjects this appeal to dismissal, but we decline to do so and instead rely upon the following unchallenged findings of fact in the judgment, arising from a bench trial:
3. That the plaintiff is a licensed plumber in the State of North Carolina and has operated the business "Bryant's Plumbing, Inc." for 20 years.
4. That in June, 2005, the plaintiff received a call for repair work at the home of Rosemary Lewis. That on June 30, 2005, approximately 3-4 days after receiving the Lewis service call, the plaintiff proceeded to Hero Lane to access the Lewis house. The entrance of Hero Lane and the access road to Provence Villas are located near each other.
5. That when the plaintiff arrived at Hero Lane to gain access to the Lewis home, he found a Rhodes Brothers Paving Co. truck blocking the road.
6. That the plaintiff tried to drive around the Rhodes Brothers Paving Co. truck, but was unable to do so.
7. That plaintiff, trying to find someone to move the Rhodes Brothers Co. truck, was able to hear equipment being operated up the Provence Villas road and saw someone there operating a backhoe. The plaintiff waived and blew his truck horn in an attempt to get the backhoe operator's attention.
8. That failing to get the backhoe operator's attention, the plaintiff started up the road to Provence Villas. Plaintiff observed that the roadway looked new, but also saw some muddy tire marks on the road. There were no barriers or other obstructions to the entry way of the road to Provence Villas at this time.
9. That approximately ¼ of the way up the Provence Villas road, Danny Rodriguez, an employee of Rhode's [sic] Brothers Paving Co., began cursing at the plaintiff.
10. That at that time, the plaintiff realized that he was driving on new asphalt.
11. That at the time of this realization, and not knowing exactly what to do, the plaintiff stopped his truck, got out and waved to summon Mr. Rodriguez to his location on the road.
12. That Mr. Rodriguez instructed the plaintiff to continue driving up the Provence Villas road to a level area at the top.
13. That at the top of the road, at the level spot where the plaintiff was instructed to pull over, the plaintiff encountered 8-10 workers working at the site of the road or the condominiums located in Provence Villas.
14. That the defendant, Ben Jones, approached the plaintiff from one of the condo units and stated "you drove on the road, now get out of here."
15. That the plaintiff responded with the words "damn it," at which time, the defendant, intentionally and without the consent of the plaintiff, struck the plaintiff in the face with his fist, knocking the plaintiff's glasses from his face.
. . .
17. That the plaintiff drove himself home and then went to the Highlands-Cashiers hospital. He was examined and x-rayed and sent to Dr. Buchanan, a plastic surgeon at the Highlands-Cashiers Hospital.
18. That 3 to 4 days after the incident wherein the defendant struck the plaintiff in the face, the plaintiff underwent surgery to fix fractured orbital bones in his face.
On 6 September 2005, Plaintiff brought a civil action against Defendant[1] for assault and battery, intentional infliction of emotional distress, and punitive and compensatory damages. Following a bench trial, the trial court issued a judgment on 18 July 2008 awarding Plaintiff compensatory damages for medical expenses ($13,733.24), pain and suffering ($5,000), and punitive damages ($100,000), to be offset by the amount of Plaintiff's Worker's Compensation award ($15,000).
Defendant appeals, arguing that the trial court erred by (I) finding that Defendant physically struck other men on at least three separate occasions; (II) awarding excessive damages; (III) concluding that Defendant failed to prove self-defense; and (IV) making findings regarding Plaintiff's injuries that were not supported by competent evidence.

I.
Defendant first argues that the trial court erred by finding "defendant had, on at least three separate occasions, physically struck other men when disagreements arose."
The standard of review on appeal from a judgment entered after a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. Cartin v. Harrison, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176, disc. review denied, 356 N.C. 434, 572 S.E.2d 428 (2002). Here, the record shows that Defendant's own testimony supported the trial court's finding that, on at least three prior incidents, he physically struck another man during a disagreement. Thus, there is competent record evidence to support the trial court's finding.
We note that although Defendant assigns error to the trial court's finding of fact, he argues in his brief that the trial court erred by admitting evidence of prior incidents of physical violence under Rules 404(b) and 403 of the N.C. Rules of Evidence. N.C. Gen. Stat. § 8C-1, Rules 404(b), 403 (2007). His assignment of error relates to the finding of the trial court and not its ruling on his objection to the admission of the evidence. Accordingly, the admission of evidence of prior bad acts is not the subject of Defendant's assignment of error and is thus not properly before this Court on appeal. N.C. R. App. P. 10 (2008). Having found Defendant's own testimony to support the trial court's finding that, on at least three prior incidents, he physically struck another man during a disagreement, we find this assignment of error to be without merit.

II.
Next, Defendant argues that the trial court's award of $100,000 in punitive damages (five times greater than its award for compensatory damages) is excessively disproportionate and in violation of Defendant's due process and equal protection rights under the N.C. Constitution. This argument is also without merit. In its judgment, the trial court awarded Plaintiff actual damages in the amount of $18,733.24 and compensatory damages in the amount of $100,000. Under N.C. Gen. Stat. § 1D-25(b) (2007),
[p]unitive damages awarded against a defendant shall not exceed three times the amount of compensatory damages or two hundred fifty thousand dollars ($250,000), whichever is greater. If a trier of fact returns a verdict for punitive damages in excess of the maximum amount specified under this subsection, the trial court shall reduce the award and enter judgment for punitive damages in the maximum amount.
The plain language of the statute provides that punitive damage awards may not exceed three times the amount of compensatory damages or $250,000whichever is greater. N.C. Gen. Stat. § 1D (b). Here, although the punitive award is more than three times greater than the compensation award, it is still less than $250,000 and thus, within the limits provided by statute. Further, this Court has recently upheld the constitutionality of the damages cap expressed in section 1D-25(b) on both due process and equal protection grounds. Rhyne v. K-Mart Corp., 149 N.C. App. 672, 562 S.E.2d 82 (2002). Accordingly, this assignment of error is without merit.

III.
Defendant also argues that the trial court erred by concluding that he failed to prove by greater weight of the evidence that his actions in striking Plaintiff were in self-defense. We disagree.
In a civil action, the burden of proof is on the defendant to prove self-defense by the preponderance of the evidence. Young v. Warren, 95 N.C. App. 585, 588, 383 S.E.2d 381, 383 (1989); see also N.C. Gen. Stat. § 1A-1, Rule 8(c) (2007) (affirmative defenses must be affirmatively pled). Here, the trial court made the following findings of fact regarding the incident between Defendant and Plaintiff:
14. That the defendant, Ben Jones, approached the plaintiff from one of the condo units and stated "you drove on the road, now get out of here."
15. That the plaintiff responded with the words "damn it," at which time, the defendant, intentionally and without the consent of the plaintiff, struck the plaintiff in the face with his fist, knocking the plaintiff's glasses from his face.
Importantly, Defendant failed to assign error to either of these findings by the trial court. Accordingly, they are "presumed to be supported by competent evidence" and are binding on appeal. Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) (citations omitted). Further, there is no other evidence in the record to support Defendant's contention that he acted in self-defense. Because the trial court's conclusion that Defendant failed to carry his burden of proving self-defense is supported by its conclusive findings of fact, we affirm.

IV.
Finally, Defendant assigns error to two findings of fact regarding Plaintiff's testimony about the facial numbness he experienced as a result of the incident. However, Defendant fails to make an argument or cite any case law or statutory support for this contention in his brief. His argument, in its entirety, states, "Defendant/Appellant contends that the lack of medical expert testimony regarding these matters did not provide competent, sufficient, relevant evidence to support these Findings of Fact." Pursuant to N.C. R. App. P. Rule 28(b)(6) (2008), we need not reach these assignments of error.
Affirmed.
Judges JACKSON and HUNTER, JR. concur.
Report per Rule 30(e).
NOTES
[1] Plaintiff also sued Defendant's employer and other individuals but the trial court's judgment and this appeal address only the action against Defendant.